FILED

DEC 23 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Rhenda Dee Snyder,<br><br>　　　　　Debtor. | Case No. 08-15068-B-7 |

**MEMORANDUM DECISION REGARDING TRUSTEE'S
FINAL REPORT AND APPLICATION FOR
COMPENSATION OF TRUSTEE'S ATTORNEYS**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

　　　　The court has received and reviewed the final report filed on November 16, 2009, by Randell Parker, chapter 7 trustee (the "Trustee") and approved by the United States Trustee (the "UST"). The Trustee requests compensation based on his administration of the estate in the amount of $864.37 and reimbursement of expenses in the amount of $41.16. There was no opposition to the Trustee's final report (the "TFR") and it will be approved.

　　　　The court has also reviewed the final application for fees and expenses filed by Klein, DeNatale, Goldner, et al. ("KDG"), attorney for the Trustee (the "KDG Fee Application"). For the reasons set forth below, the KDG Fee Application will be approved in part.

This memorandum decision contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. This court has jurisdiction over this matter under 28 U.S.C. § 1334, 11 U.S.C. § 330[1] and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

**Background.**

This case was filed on August 21, 2008. It was originally filed as a "no-asset" case. The meeting of creditors was conducted and concluded in October 2008. After examining the Debtor, the Trustee determined that there were some assets to administer and a "Notice to File Proof of Claim Due to Possible Recovery of Assets" was sent by the court to all creditors on October 20th.

On December 11, 2008, the Trustee, through KDG, filed an application for authority to employ KDG as the Trustee's general counsel pursuant to 11 U.S.C. § 327 (the "Employment Application"). The Employment Application was approved. The reasons for KDG's employment were stated in the Employment Application as follows:

> The United States Trustee has requested that Applicant state a particular reason why it is necessary for Applicant to employ an attorney. In this case, *it is necessary for Applicant to employ an attorney* to prepare, file and serve the necessary pleadings to (a) employ professionals on behalf of the estate and (b) prepare, file and serve pleadings necessary to effectuate a sale of the estate's interest in personal property at auction. Additionally, Applicant will need to review the claims filed in Debtor's Chapter 7 case and determine if any objections need to be filed by his attorneys. (Employment Application, ¶ 3) (Emphasis added).

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

The Trustee administered the estate and filed his TFR on November 16, 2009. The TFR reveals that the Trustee recovered assets totaling $3,800.85. Of that amount, $3,343.37 represents the net proceeds from the sale of an automobile at public auction, which the court approved in an uncontested motion in January 2009. The balance represents funds the Trustee recovered from a bank account ($456.63) and interest paid by the bank to the Trustee's account ($0.85).

KDG completed its work for the Trustee and filed the KDG Fee Application on September 15, 2009. The KDG Fee Application shows that KDG spent 9.0 hours of attorney and paralegal time working on this case with a value, at KDG's normal billing rates, of $1,305. After payment of the Trustee's compensation, KDG's requested fees, and other administrative expenses, two unsecured creditors with allowed claims totaling $27,563.91, will receive $571.65, which represents a distribution of 2%.

**Analysis.**

Pursuant to § 330(a)(3), a professional may be compensated for services that are reasonable and necessary to the administration of the case, or beneficial at the time the service was rendered toward the completion of the case. The allowance of an administrative claim necessarily reduces or delays the distribution to creditors with lesser priority claims. Even in the absence of any formal objection to a professional's fees, the court has an independent duty to "review the fees and costs requested to determine their necessity and reasonableness under the circumstance." *In re Montgomery Drilling Co.*, 121 B.R. 32, 35 (Bankr. E.D. Cal. 1990).

Here, the Trustee represented in the Employment Application that it was "necessary to employ an attorney" in this case. Specifically, the Employment Application stated that the Trustee required the services of legal counsel to assist with the employment of professionals (including KDG), the liquidation of assets, and the allowance of claims. Given the summary nature of applications for

professional employment, the court did not question the Trustee's representation. However, a review of the KDG Fee Application raises a number of concerns which lead the court to question whether the employment of an attorney in this case was necessary at all. Time entries in the KDG Fee Application describing KDG's services may be summarized as follows:

| | |
|---|---|
| Review of the record and interoffice conferences to evaluate and advise the Trustee how to administer the case | 1.5 hours |
| Prepare an (unopposed) ex parte application to employ the auctioneer. | 2.0 hours |
| Prepare and follow up on an (unopposed) motion to sell an automobile at public auction. | 2.1 hours |
| Prepare the applications to employ and compensate KDG for the work described above. | 3.4 hours |
| Total | 9.0 hours |

It is not clear to the court why any of the administrative tasks in this case required the assistance of legal counsel. Nothing occurred in this case that would suggest the need for unique legal expertise. There were no claim objections filed. The only assets the Trustee ultimately administered in this case were a bank account which the Trustee apparently recovered without incident, and one automobile which the Trustee sold at public auction after an uncontested motion.

In this District, most of the chapter 7 trustees file and serve simple motions and objections without legal counsel. They routinely seek authority to employ professionals such as auctioneers, accountants and real estate brokers without the assistance of legal counsel. On uncontested matters, they prepare and serve their own pleadings, make their own appearances in court, and submit their own orders. All of the work performed by KDG in this case appears to relate to activities which a chapter 7 trustee should be able to perform without the assistance of legal counsel. The Bankruptcy Code clearly prohibits an attorney, who also serves as the trustee in a case, from seeking compensation "for performance of any of the

trustee's duties that are generally performed by a trustee without the assistance of an attorney . . . ." § 328(b); *see also Sousa v. Miguel (In re U.S. Trustee)*, 32 F.3d 1370, 1373 (9th Cir. 1994); *In re McKenna*, 93 B.R. 238, 240 (Bankr. E.D. Cal. 1988).

In this case, the Trustee did not serve as his own attorney, so § 328(b) is not immediately applicable. However, bankruptcy courts have universally applied the same limiting principal stated in § 328(b) when a chapter 7 trustee employs outside counsel. "The function of an attorney for a trustee is to render to the estate those services which cannot and should not properly be performed by one who does not have a license to practice law." *In re Garcia*, 317 B.R. 810, 816 (Bankr. S.D. Cal. 2004), quoting *In re Shades of Beauty, Inc.*, 56 B.R. 946, 949 (Bankr. E.D.N.Y. 1986). "Only when unique difficulties arise may compensation be provided for services which coincide or overlap with the trustee's duties . . . . *In re U.S. Trustee*, 32 F.3d at 1373 (citation omitted).

The problem here was summarized nicely in *In re Garcia* as follows:

> The need for the firm's services must be apparent from the description of the services set forth in the fee application. Services described simply as "review debtors' schedules and statement of affairs" or "review bankruptcy court docket" do not tell the Court anything about what legal analysis or issues were involved in the review. "In addition, if an otherwise generally noncompensable service is deemed compensable by the professional and included in the fee application because of the complexity of the matter involved, the professional must describe the service and the complexity in sufficient detail so the court can see on the face of the application that the service indeed requires the use of the professional." *In re Garcia*, 317 B.R. at 818 (citation omitted).

**Conclusion.**

Based on the foregoing, the Trustee's final report will be approved as modified herein with regard to the payment of KDG's fees. The Trustee's request for compensation and reimbursement of expenses will be approved as well.

KDG's Fee Application will be approved in part. The court is not persuaded that any of the services rendered by KDG in connection with this case

5

were services for which an experienced chapter 7 trustee should require legal counsel. However, giving KDG the benefit of the doubt, KDG's Fee Application will be approved in the amount of $652.50 representing one-half of the fees requested. This ruling will be without prejudice to KDG's right to file a supplemental motion for approval of additional fees based on evidence to show that its legal expertise was necessary to the administration of this case.

Dated: December 23, 2009

W. Richard Lee
United States Bankruptcy Judge